UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

    Plaintiff,

v.

JEFF LYNCH, et al.,

    Defendants.

No. 2:19-cv-1331 KJN P

ORDER

Plaintiff, a civil detainee, is housed at California State Prison, Sacramento ("CSP-SAC"), and is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff did not file an in forma pauperis affidavit or pay the required filing fee, and on July 19, 2019, he was granted thirty days in which to do so. (ECF No. 3.) However, on July 26, 2019, plaintiff filed a document styled, "First Amended Complaint," bearing the instant case number, in which he claims he has already been granted leave to proceed in forma pauperis in Hill v. Baughman where he filed his original complaint, and seeks to add defendants to that case. (ECF No. 5 at 1.)

Indeed, the original complaint filed in this action is marked "amended complaint." (ECF No. 1.) However, plaintiff did not include a case number on his filing. After the document was filed in plaintiff's prior case, Hill v. Rios, No. 2:18-cv-3224 EFB (E.D. Cal.), the filing was removed and it was opened as a new action, and the instant case number, 2:19-cv-1331 KJN P, was applied to his pleading. (ECF No. 1.)

While not entirely clear, it appears the July 15, 2019 "amended complaint" (ECF No. 1) may have been plaintiff's attempt to amend in his earlier-filed action, Hill v. Baughman, No. 2:18-cv-3089 AC (E.D. Cal.), to add additional defendants. (ECF No. 5 at 3.) However, the undersigned observes that the allegations in his 2018 case pertain to incidents at New Folsom State Prison, whereas the instant pleading addresses an alleged use of excessive force at California State Prison, Sacramento, where plaintiff is presently housed.[1] Because it is not clear that plaintiff's pleading in this case is appropriately filed in his prior 2018 case,[2] the court will deny his motion to amend without prejudice. If plaintiff wishes to amend in Baughman, he should file a motion to amend, along with a proposed amended complaint bearing the Baughman case number. If plaintiff did not intend to pursue his claims raised in the instant pleading in a new action, he may request that this action be terminated. Fed. R. Civ. P. 41(a).

However, if plaintiff chooses to proceed with his pleading in this case, plaintiff should notify the court accordingly. Failure to timely file the appended notice will result in this action proceeding on the pleading filed in the instant action on July 15, 2019 (ECF No. 1).

Plaintiff subsequently filed his request to proceed in forma pauperis on July 31, 2019. Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

[2] A prisoner must exhaust all available administrative remedies before filing in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Plaintiff filed Baughman, 2:18-cv-3089 AC, on November 30, 2018.

Accordingly, the request to proceed in forma pauperis is granted. Because plaintiff is a civil detainee, and therefore not a prisoner within the meaning of the Prison Litigation Reform Act, he is not required to pay the court's filing fee under 28 U.S.C. § 1915A. <u>Page v. Torrey</u>, 201 F.3d 1136, 1140 (9th Cir. 2000).

Finally, plaintiff is admonished that he must include the appropriate case number for documents submitted to the court for filing. At present, plaintiff has three separate actions pending in the Eastern District, so it is critical that he provide case numbers so that his submissions are filed in the proper case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 5) is denied without prejudice;

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted; and

3. Within thirty days from the date of this order, plaintiff shall complete and file the appended notice as set forth above.

Dated: August 5, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/hill1331.mta

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| CYMEYON HILL, | No. 2:19-cv-1331 KJN P |
| Plaintiff, | |
| v. | <u>NOTICE</u> |
| JEFF LYNCH, et al., | |
| Defendants. | |

   Plaintiff submits the following in compliance with the court's order filed _____:

  \_\_\_\_  Plaintiff did not intend to open the instant new action, and requests this action be voluntarily terminated. Fed. R. Civ. P. 41(a).

  **OR**

  \_\_\_\_  Plaintiff chooses to proceed with his pleading filed in the instant action, No. 2:19-cv-1331 KJN.

DATED:

                 _____
                 Plaintiff