UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEON HILL, | No. 2:19-cv-1331 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff is a civil detainee, proceeding pro se, in an action brought under 42 U.S.C. § 1983.[1] On June 1, 2020, this case was referred to the Post-Screening ADR Project, and the case was stayed pending settlement conference, now set for September 3, 2020. The stay order expressly states that no pleadings or other documents may be filed in this case during the stay of this action. (ECF No. 30 at 2.)

Despite the stay order, plaintiff filed a motion to appoint counsel and a motion for discovery and scheduling order. In light of the stay order, as well as the impending settlement conference, the undersigned does not find good cause to issue a scheduling order providing for

---

[1] This action proceeds on plaintiff's second amended complaint in which plaintiff alleges that on June 27, 2019, at California State Prison, Sacramento, defendants Buckley and Erickson used excessive force, and defendant Aldrich failed to intervene or to protect plaintiff from the other defendants' use of excessive force, all in violation of the Fourteenth Amendment. In addition, plaintiff alleges that defendants Buckley and Erickson ignored plaintiff's claims that he was suicidal in deliberate indifference to plaintiff's serious mental health needs.

1

the parties to engage in discovery at this time.  Plaintiff's motion is denied without prejudice to renewal following the settlement conference, if appropriate.

As for his request for appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  <u>See</u> 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  <u>Id.</u>  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff is reminded that this case is stayed pending the settlement conference; no further documents should be filed by any party until the stay is lifted.  (ECF No. 30.)

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions (ECF No. 32, 33) are denied without prejudice.

Dated:  July 6, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hill1331.31